Arthur M. Kahn, Esq. Town Attorney, Rochester
You informed us that during the last several years your town has specifically appropriated funds for the employment of outside counsel by the zoning board of appeals in relation to a particular matter before the board. An Article 78 action is pending in relation to this matter, but the town board has failed to appropriate funds in the 1984 budget for the employment of outside counsel by the zoning board of appeals to defend this action. Under these circumstances, you ask whether the town board may employ outside counsel to represent the zoning board in the Article 78 action or whether defense should be provided by the office of town attorney.
A town board may establish the office of town attorney and appoint deputy town attorneys (Town Law, § 20[2][a]). We previously have stated that any town by local law enacted by the town board may authorize an officer, board of commission of town government to employ an attorney or contract for legal services in furtherance of a proper town function (Op Atty Gen [Inf] 83-37). No officer or officers of a town may employ legal counsel in instituting or defending an action on behalf of the town except as directed by the town board (Town Law, § 65[1]).
It follows that the office of town attorney is responsible for providing legal services to officers and agencies of town government, except in a case where the town board or a statute expressly has authorized an officer or agency to employ an attorney or contract for legal services (Op Atty Gen [Inf] 83-37). A municipal board or officer has implied authority to employ legal counsel only under unique circumstances (ibid.). Such authority exists in the good faith prosecution or defense of an action undertaken in the public interest and in relation to the officer(s) official duties, where the municipal attorney refuses to act, is incapable of acting, or is disqualified from acting (ibid.). An example is where there is litigation between the town board and another town department, thereby creating a situation where the town attorney would represent the town board and the other town department out of necessity must seek outside counsel.
The town board is responsible for the appointment of the members of the zoning board of appeals "and may also provide for compensation to be paid to said members, experts, clerks and a secretary and provide for such other expenses as may be necessary and proper, not exceeding in all the appropriations that may be made by the town board for such board of appeals" (Town Law, § 267[1]). There is no statutory authorization for the zoning board of appeals to employ legal counsel. Therefore, it is necessary that the town board authorize such employment. Additionally, it will be necessary for the board to appropriate funds for such purposes (ibid.). We note that there is authority to provide for supplemental appropriations during the course of the fiscal year (Town Law, §112[1]). In our opinion, the failure of the town board to authorize and fund the employment of outside counsel to assist the zoning board of appeals, means that the office of town attorney has responsibility for defending the action. As we indicated, an exception would exist where the board possesses implied authority to hire outside counsel as in a case where the municipal attorney is incapable of or is disqualified from acting.
We conclude that a town board may authorize an officer or board of a town to employ outside counsel and may make the necessary appropriations for such purposes. In the absence of such action, the office of town attorney is responsible for defending an Article 78 action against the zoning board of appeals.